# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **RONALD MICHAEL WOODWARD,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No. 2:17-cv-961-DAK-PMW |
| **HOUSING AUTHORITY OF SALT LAKE CITY, TAMMY BOSCH,** | **District Judge Dale A. Kimball** |
| Defendants. | **Chief Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On August 29, 2017, the court granted Ronald Michael Woodward's ("Plaintiff") application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 ("IFP Statute").[2] Accordingly, the court will screen Plaintiff's action as required under the IFP Statute. *See, e.g.*, *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). In addition, because Plaintiff proceeds pro se in this case, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 4.

[2] *See* docket no. 2.

## **BACKGROUND**

Plaintiff alleges that he is homeless, disabled, and receiving Supplemental Security Income.[3] He asserts that he has been trying to obtain housing through Defendant Salt Lake City Housing Authority ("SLCHA") but has been denied, in part, because of bogus accusations of illegal drug activity.[4] Plaintiff contends that he has attempted three separate times to obtain housing and has been given varying reasons for the denials.[5]

The first denial was based on his alleged untimeliness.[6] The second denial was based on an old invoice for alleged damage done to one of his previous apartments.[7] The third denial was based upon alleged illegal drug activity by either himself or a family member, which Plaintiff disputes.[8] Plaintiff asserts that an estranged and jealous brother "would go to the offices of any public agency: food stamps, housing and tell them [he] was a drug dealer in an atempt [sic] to get [him] kick [sic] of[f]."[9]

Plaintiff contends that these repeated denials of housing assistance, coupled with the invoice and his payment of $328.00 for damage to his previous apartment (that occurred after he

---

[3] *See* docket no. 3 at 3.

[4] *See id.* at 3-4.

[5] *See id.* at 4.

[6] *See id.*

[7] *See id.*

[8] *See id.*

[9] *Id.* at 10.

moved out), have rendered him homeless.[10] Plaintiff provides a lengthy account of his history with SLCHA beginning 28 years ago, as well as his conclusions about the reasons for the most recent denials and alleged inconsistencies in SLCHA's treatment of housing assistance applicants and/or participants.[11] Plaintiff asks this court to order the return of his $328.00 and/or order Defendants to provide him housing assistance.[12]

## **LEGAL STANDARDS**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, it is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, courts employ the same standard used for analyzing motions to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, courts "look for plausibility in th[e] complaint." *Id.* at 1218 (quotations and

---

[10] *See id.* at 5.

[11] *See id.* at 7-12.

[12] *See id.* at 6.

3

citations omitted) (alteration in original). In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (alterations in original).

In undertaking that analysis, the court liberally construes Plaintiff's complaint because he proceeds pro se and reviews it under "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Hall*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Hall*, 935 F.2d at 1110 (citations omitted).

With the foregoing standards in mind, the court will now address the sufficiency of Plaintiff's complaint as required under the IFP Statute.

## ANALYSIS

As an initial matter, compliance with Rule 8 requires a pleading "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The purpose of this rule is to provide defendants with fair notice of plaintiff's claims against them so that they may respond, and it allows a court to conclude that the allegations, if proven, show plaintiff is entitled to relief. *See Monument Builders of Greater Kan. City Inc. v. Am. Cemetery Assn. of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) (citing *Perrington Wholesale Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d at 1163 (holding a plain statement under Rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits"). Although Rule 8 is liberally construed, courts have determined that a complaint violates the rule if it is unreasonably long, rambling, or filled with irrelevant material. *Mitchell v. City of Colo. Springs, Colo.*, 194 Fed. Appx. 497, 498 (10th Cir. 2006) (affirming dismissal of complaint for being "verbose, prolix, and virtually impossible to understand" and a "rambling, massive collection of facts with no apparent organizational scheme, and . . . completely lacking in clarity and intelligibility").

The court has reviewed Plaintiff's complaint and concludes it violates Rule 8. It does not put Defendants on notice of the specific claims against each. While Plaintiff's recitation of his 28-year history with SLCHA is lengthy and rambling, its facts regarding the most recent housing denials are sparse. Plaintiff has not provided information surrounding the circumstances of the denials nor has he given approximate dates of the denials. Plaintiff has not attached any

documentation to his complaint that would provide the court with some context. In addition, Plaintiff has not explained the specific role each defendant plays in the events he alleges.

Using the court's preprinted civil rights complaint form, Plaintiff filed this action against SLCHA and Tammy Bosch ("Ms. Bosch") (collectively, "Defendants") but there are several deficiencies in Plaintiff's complaint. Plaintiff failed to sign the complaint in violation of Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

Additionally, Plaintiff did not check one of the jurisdictional boxes providing the statute(s) under which he asserts this court's jurisdiction.[13] Assuming he brought his complaint under § 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007). After listing SLCHA and Ms. Bosch as defendants in his complaint, Plaintiff answered "NO" to the question, "Was the defendant acting under the authority or color of state law at the time these claims occurred?"[14] Moreover, although a participant in a housing assistance program may have a property interest in continued occupancy of subsidized housing, by Plaintiff's own admission, he was not a current participant in a housing assistance program and has not been for 28 years.

---

[13] *See* docket no. 3 at 1 ("Jurisdiction is proper in this court according to: . . . 42 U.S.C. § 1983[,] . . . 42 U.S.C. § 1985[, or] . . . Other (Please Specify).")

[14] *Id.* at 2.

6

*See Orullian v. Hous. Auth. of Salt Lake City*, No. 2:10-cv-276 CW, at *3, 2011 WL 6935039 (D. Utah Dec. 30, 2011) (citing *Lowery v. Dist. of Columbia Hous. Auth.*, No. Civ. A. 04-1868(RMC), at *7, 2006 WL 666840 (D. D.C. March 14, 2006)). Thus, even under the liberal construction due a pro se filer, Plaintiff has failed to state a claim under § 1983. *See Hall*, 935 F.2d at 1110.

Assuming Plaintiff brought his claims under § 1985, Plaintiff has likewise failed to state a claim under this section. "Section 1985(3) provides for recovery of damages by a party who is injured as a result of a conspiracy to deprive any person equal protection of the laws." *Ford v. West*, 222 F.3d 767, 772 (10th Cir. 2000). Plaintiff fails to allege there was a conspiracy against him or that he has been deprived of equal protection. Consequently, Plaintiff has also failed to state a claim for relief under § 1985.

The court has liberally construed Plaintiff's complaint and concludes that he has failed to provide enough well-pleaded factual allegations to support his alleged claims for relief. Plaintiff provides only conclusory allegations and fails to provide sufficiently detailed factual allegations that would allow the court to determine whether his claims should survive dismissal. For these reasons, Plaintiff's complaint fails to state claims upon which relief can be granted.

That said, the court, however, recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Accordingly, Plaintiff is hereby provided with an opportunity to amend his complaint. Plaintiff must file an amended complaint that complies with

the requirements set forth above within thirty (30) days of the date of this order. Failure to do so will result in a recommendation to Judge Kimball that this case be dismissed.

## **CONCLUSION**

In summary, **IT IS HEREBY ORDERED** that Plaintiff must file an amended complaint that complies with the requirements set forth in the above-referenced authorities within thirty (30) days of the date of this order. Failure to do so will result in a recommendation to Judge Kimball that this case be dismissed.

DATED this 26th day of July, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge